# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910  *Plaintiff*,  v.  U.S. DEPARTMENT OF THE NAVY 1200 Navy Pentagon Washington, D.C. 20350-1200  *Defendant* | CIVIL ACTION NO. 19-775  **COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of the Navy ("Defendant," the "Navy," or "USN") to disclose documents requested pursuant to FOIA.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. In December 2018, Plaintiff sent a FOIA requests to Defendant seeking records concerning fraudulent practices by a major Navy environmental contractor, Tetra Tech, at the former Hunter's Point Shipyard in the San Francisco Bay Area.

4. To date, Defendant has not made a determination on Plaintiff's FOIA request, provided any documents responsive to Plaintiff's FOIA requests, or identified which such documents, if any, exist.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

7. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

8. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

9. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in Florida, Massachusetts, and Tennessee.

10. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

11. Defendant, USN, is an agency of the United States as a "military department" under 5 U.S.C. § 552(f)(1).

12. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested is a violation of the FOIA.

## STATEMENT OF FACTS

13. For nearly 30 years, the Hunters Point shipyard has been on the U.S. Environmental Protection Agency's ("EPA") National Priority List ("NPL"). Reports from 2018 indicate that the U.S. Navy has arranged for re-analyses of past sampling of soil and other environmental media, including building surveys, following allegations that a key contractor involved with site cleanup may have falsified years of sampling and survey data.

14. This fraudulent activity concerns one of the most egregious instances of environmental injustice afflicting a poor and minority community. Areas previously declared clean may, in fact, still be contaminated, and community residents and on-site workers may be exposed to serious chemical and radiological contamination.

15. This fraudulent activity also calls into question the integrity and reliability of a primary contractor for the Superfund cleanup program nationally. The EPA estimates that approximately 53 million people live within 3 miles of an NPL remedial site; this is roughly 17% of the U.S. population, including 18% of all children in the U.S. under the age of five.

### PEER's FOIA Request

16. On December 14, 2018, Plaintiff requested information via FOIA concerning the Navy's relationship with Tetra Tech and work conducted at Hunter's Point. Specifically, PEER requested the following:

    a. *U.S. Navy responses or communications concerning the most recent EPA estimates of what fraction, percent, and/or number of samples and/or sample units at the*

*Hunters Point Shipyard Superfund site are suspect, questionable, unreliable, and/or potentially fraudulent or otherwise inaccurate, including but not limited to –*

   i. *The EPA reevaluation of soil samples at Parcels B and G dated December 27, 2017 displayed at https://www.peer.org/assets/docs/epa/4_9_18_EPA_comment_summary.pdf ; and*

   ii. *The EPA reevaluation of soil samples at Parcels D-2, UC-1, UC-2, and UC-3 dated March 30, 2018 displayed at https://www.peer.org/assets/docs/ca/6_4_18_EPA_reevaluation_D_UC.pdf;*

b. *Decision documents stemming from or communications following the U.S. Navy's March 2018 "Building Radiation Data Initial Evaluation Report" confirming data manipulation of Tetra Tech EC, Inc. ("Tetra Tech") radiation surveys submitted from 2008 through 2016;*

c. *Records reflecting the current status of Tetra Tech as a Navy consultant or contractor at the Hunters Point Shipyard Superfund site, including whether the Navy is pursuing complaints, sanctions, or repayment from Tetra Tech; and*

d. *Documents and communications concerning the latest U.S. Navy action to verify or address whistleblower allegations concerning fabrication, data manipulation, and related misconduct by Tetra Tech at Hunters Point.*

17. PEER also requested that to the extent that the Navy needed to perform a detailed review, fees be waived because "disclosure of the information is in the public interest . . . and is not primarily in the commercial interest of the requestor." 5 U.S.C. 552 (a)(4)(A).

18. Also on December 14, 2018, USN confirmed receipt of PEER's FOIA Request by email, assigning it the index number DON-NAVY-2019-002092.

19. On February 21, 2019, PEER was contacted by the Deputy Base Closure Manger for Hunters Point regarding its FOIA request, which was substantially similar to a previous FOIA request which had been partially denied on August 9, 2018, requesting a copy of an appeal letter which PEER had submitted to the Navy concerning that request which the Navy had dismissed as untimely. PEER provided the Navy with its prior letter, which challenged agency withholdings on Exemption 5 grounds. 5 U.S.C. § 552(b)(5).

20. On February 25, 2019, the Navy send Plaintiff an email reading "DON-NAVY-2019-002092 has been approved for an interim release. Records were released to the public as a result of this request. You may retrieve these records immediately using the following link: View Records. Over the next 2 hours, these records are also being added to FOIAonline's search pages, further enabling you to retrieve these documents associated with your FOIA request at any time."

    a. Despite the text of the email, the Navy had not released any records, but attached a two page letter dated February 22, 2019 explaining that "we are unable to provide you a final determination on your request within the 20 working-day statutory time frame . . . ."

    b. The letter concluded that the processing of Plaintiff's request "is expected to be completed by **March 29, 2019**." (emphasis in original).

    c. The email also included an invoice stating that PEER's fee waiver had been granted.

21. PEER has received no further communications from the Navy concerning this FOIA request.

## CAUSE OF ACTION: FREEDOM OF INFORMATION

22. Plaintiff restates and realleges the allegations in the preceding paragraphs as if fully set forth herein.

23. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

24. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). See also 32 C.F.R. § 286.8(c) (Department of Defense FOIA Regulations superseding prior component-level regulations). The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

25. PEER's FOIA request was received by the Navy on December 14, 2018. A response to PEER's FOIA Request was due by statute twenty working days from that date on January 16, 2019. (counting all weekdays exclusive of Christmas Day and New Year's Day).

26. As of this filing, March 20, 2019, Plaintiff has not received any documents responsive to its FOIA request, or any further communications from Defendant regarding this request since the February 25, 2019 email.

27. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

28. Defendant's conduct amounts to a denial of the Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the Navy's relationship with its environmental contractor Tetra Tech and the extent of the fraudulent behavior engaged in by Tetra Tech, and how the Navy is performing its duties with regard to base closures and cleanup of properties for public use.

29. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

30. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552 and DOD regulations promulgated thereunder, 40 C.F.R. part 286.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

  ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on March 20, 2019,

\_\_/s/\_\_Paula Dinerstein_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
pdinerstein@peer.org

*Counsel for Plaintiff*